Catkon, Ch. J.
delivered the opinion of the court.
The decision below raises the question, whether the verdict and judgment had, in the court of pleas and quar-tér sessions, is conclusive upon all parties, or only conclusive upon such as appeared in court and caused the issue to be made up.
The probate of a will, or the granting letters of administration, is a proceeding in the nature of a proceeding in rem, operating on the subject matter and binding generally; the probate is evidence of title, without reference to parties, who do not, and cannot regularly exist in such cases. Hence the rule is, that the sentence or decree of a court of ordinary and probate, provided it be final in the court in which it is pronounced, is evidence against all the world, unless it can be impeached on the ground of fraud and collusion. 1 Stark. Ev. 241: 11
*188 Another question is, had the court, rendering judgment., jurisdiction? If so, the sentence or decree is final upon a]} interested, and estops all other courts or tribunals before which is attempted to be litigated the same matter. 1 Yerg. Rep. 349. That the court of quarter sessions had exclusive jurisdiction to try the validity of the will, and admit it to probate, is free from question. Having-then tried the fact, by an issue under its own direction, to which issue there were no parties further than to secure the costs of the litigation, suppose the same court were to order another issue which should be differently found, that the paper contested was not the will, could the court, years after the judgment was rendered, reverse it and enter one the other way, more than a different tribunal could? After the expiration of the term, the first judgment was equally binding on tire county court of Sullivan, as it was on other tribunals. It is admitted, on part of the petitioners, that the first judgment cannot be wholly set aside, but is valid and binding as to John Butler, and as to him the will must stand; and so probably it muspstand, as to the other heirs of Elisha Butler, not now contesting the will, but if the verdict be had for the present petitioners, as to them it must be set aside: and so if others of the heirs, who may in future come forward and contest it, as the verdict may be, their rights will stand. To the objection, on part of the executor, that he would be involved in interminable litigation, if every person interested in the estate could have a seperate issue, nor could the estate be settled, or his duty be performed, it is answered, equity should be applied to, and tire hands of the heirs stayed, if an unreasonable number of trials were sought; and this is the only answer given to this appalling difficulty, on which it may be remarked, that if it be a right secured by law to any heir, to have a separate issue, that right stands, independent of the proceeding previously instituted by every other heir, and on no principle recognized by a court of equity, could it interfere. It is essem *189 tial to the practical efficiency of the courts of ordinary, that their judgments in cases of probates should be hind-ing in all courts; all who are interested may become parties in conducting the litigation in case of a contested will, and if they do not, it is indispensable to the repose of society, that they be concluded; were it otherwise, and ten or twenty years after the first trial was had, the estate distributed, and the devisees of the lands at rest, their titles might he upturned in whole, or, as here contended, m part.
We are called upon, perhaps for the first time, to give a construction to the act of 1789, ch. 23;- providing for the probate of wills and the mode of contesting their validity. The preamble informs us, “that great irregularities had crept into practice, and complaints- had been made, of precipitate and injurious decisions, in admitting of wills to record and granting administrations; for remedy whereof, it was enacted, that wills shall be proved in the county where the testator had his usual residence at the time of his death; that the will should be proved by at least one of the subscribing witnesses, and if contested, by all the living witnesses, if to be found, and by such other persons as might he produced to support such will. And where the validity of any last will or testament, whether written or nuncupative, shall be contested, the same shall be invariably tried by a jury, on an issue made up imder the direction of the court for that purpose?”
The act does not speak of parties, plaintiffs and defendants — no such idea was in the minds of the legislature; it was made the duty of the court of probate, to ascertain whether the will had been duly executed, without reference to individuals interested in- the result of admitting the will to record, the court was bound to act upon the subject matter, and to settle the title to the property, late of the testator, left without an owner. The. •interests of society admitted of no delay,-if anyone or more. *190 interested in the result, objected to the validity of the will, then the court was ordered by the statute to malte up an issue, will or no will,and try the fact before a jury, minding to examine all the living witnesses to the will, and to hear such other proofs as those interested might adduce, and according to the finding of the issue by the jury, record the will, or reject the paper presented as such. But this was a proceeding for the ends of justice of a public nature, and conclusive on the world; only one issue is directed by the act. With the finding on this, the court was bound to rest satisfied, and to record the will; and which record it could not set aside, whilst the sentence pronounced on the verdict stood unreversed. We are, therefore, of opinion, the facts set forth in the petition, and in the papers purporting to be the plea of the executor, are a bar to another issue.
Peck, J. dissented, but delivered no'opinion in writing.
Judgment affirmed .